AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Middle | |
|---|---|---|
| Name (under which you were convicted):<br><br>Angela F. Stoldt | | Docket or Case No.:<br><br>2013-101064CFDL |
| Place of Confinement :<br><br>Lowell Correctional Institution/Annex | | Prisoner No.:<br><br>O-156681 |
| Petitioner (include the name under which you were convicted)<br><br>Angela F. Stoldt | v. | Respondent (authorized person having custody of petitioner)<br>L. Pippin, Warden, Lowell C.I./Annex<br>Ricky Dixon<br>Secretary Department of Corrections |
| The Attorney General of the State of: Ashley Moody | | |

(Stamp reads: FILED 2023 FEB 27 PM 3:14 CLERK U.S. DISTRICT COURT MIDDLE DISTRICT OF FLORIDA ORLANDO FLORIDA)

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   7th Judicial Circuit Court
   In and for Volusia County, Florida

   (b) Criminal docket or case number (if you know): 2013 - 101064 CFDL

2. (a) Date of the judgment of conviction (if you know): December 5th 2014

   (b) Date of sentencing: December, 5th 2014

3. Length of sentence: Natural Life + 15 years + 5 years consecutive

4. In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   Count I   First Degree Murder
   Count II   Abuse of a Dead Human Body
   Count III   Tampering with Evidence

6. (a) What was your plea? (Check one)

   ☑ (1)  Not guilty     ☐ (3)  Nolo contendere (no contest)

   ☐ (2)  Guilty          ☐ (4)  Insanity plea

Page 2 of 16

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _Not Applicable_

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes    ☐ No

8.   Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9.   If you did appeal, answer the following:

(a) Name of court: _Fifth District Court of Appeal_

(b) Docket or case number (if you know): _5D-15-0067_

(c) Result: _Conviction affirmed_

(d) Date of result (if you know): _MANDATE April 29, 2016_

(e) Citation to the case (if you know): _unknown_

(f) Grounds raised: _1. The Evidence was insufficient for denial of Statutory immunity under 'Stand your Ground Law', sect. 776.032 Fl. Stat. (2013) 2. It was error to Deny the Appellant's Motion for Judgement of Acquittal, where the State failed to disprove Appellant's Affirmative Defense. 3. The Trial Court erred by instructing the Jury that the Appellant's use of deadly force was unjustified, because there was insufficient evidence the the Appellant was the initial aggressor 4. Trial Court erred by instructing on the "Unlawful Activity"_

(g) Did you seek further review by a higher state court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Name of court: _Not Applicable_

(2) Docket or case number (if you know):

(3) Result:

Pg 3A
9(F)

Exception to the 'Stand Your Ground' Immunity Statute, because the Appellant was not engaged in any unlawful activity apart from the offense for which immunity was sought

Pg 4A
11(a)(5) to request a competency hearing regarding the Defendant's competency at the time she gave her confession since she was under a Baker Act at that time. VI Defendant's Constitutional Rights were violated when Detectives interviewed her repeatedly over a 24 hour period without substantial food or sleep and while she was under a Baker Act. VIII Ineffective Assistance of Counsel for failure to ascertain validity of some parts of April Leach's testimony in that by Ms. Leach's own admission she has memory problems. VII The Trial Court erred in Failure to Suppress Confessions. IX Ineffective Assistance of Counsel for failure to address issue of State's Witnesses obtaining possession of majority of discovery prior to trial.

11(6)(8)(b)(5) suppress Appellant's confession while under the Baker Act and Sleep deprived?

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☑ Yes    ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court: 7th Judicial Circuit; In and For Volusia County, Florida

(2) Docket or case number (if you know): 2013-101064 CFDL

(3) Date of filing (if you know): December 15, 2017

(4) Nature of the proceeding: Motion For Post Conviction Relief FLRC 3.850

(5) Grounds raised: I Ineffective Assistance of Counsel for Failure to request a mistrial when it was made known that a juror had been texting during trial testimony. II. Ineffective Assistance of Counsel for failure to request a change of venue. III. Ineffective Assistance of Counsel for failure to Investigate the validity of or propose the use of a Battered Women's Syndrom Defense IV The Defendant's cause was prejudiced by the State and Trial Court in that no weight was given to her assertion that the victim was killed in an act of self defense. V Ineffective Assistance of Counsel for failure

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☑ Yes    ☐ No

(7) Result: Motion for Post Conviction denied.

AO 241 (Rev. 09/17)

(8) Date of result (if you know): March 22, 2021

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: 5th District Court of Appeal

(2) Docket or case number (if you know): 5D21-0760

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: Appeal on Denial of Motion for Post Conviction

(5) Grounds raised: I Did lower tribunal err in response to Appellant's issue of juror misconduct, because Defense Counsel failed to act as her advocate? II Was error committed by State and Trial Court when no validity was given to Appellant's assertion of self defense? III Were Appellant's Constitutional Rights violated when the Detectives interviewed her repeatedly over a 24 hour period with no substantial food or sleep and under a Baker Act and sleep deprived? IV Did Trial Court err in failure to

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result: Denial Affirmed

(8) Date of result (if you know): ~~March 22,~~ September 6, 2022

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: Not Applicable

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes     ☐ No

(7) Result:    Not Applicable

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:     ☐ Yes    ☑ No

    (2) Second petition:    ☐ Yes    ☑ No

    (3) Third petition:     ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

    Not Applicable

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

     **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**   Stoldt's 5th Amendment rights were violated when Investigators interrogated her while under a Baker Act but not evaluated to determine her ability to waive rights.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner's 5th Amendment rights were violated when Police repeatedly questioned her while held under custodial custody Baker Act. She had been Mirandized prior to intake and evaluation at Stuart Marchman facility. She repeatedly made delusional statements to investigators. Upon initial interrogation, she requested an attorney and interview was stopped, however, prior to delivering her to the facility Inspector Brady told her he

(b) If you did not exhaust your state remedies on Ground One, explain why:   Petitioner exceeded time frame for State Habeas Corpus.

pg 6a

Ground I cont.

wanted her to tell him where the victim was by morning. Upon arriving at Stuart Marchman a nurse showed her a copy of Stoldt's sister's statement to police regarding her confession to her family. Stoldt in her mental instability and lack of legal knowledge believed the police now knew everything and still prior to evaluation called them. She maintained her desire for an attorney throughout the subsequent interrogation. The police were aware of her delusional thoughts at times correcting them and at times using them to coerce her and overbear her will. Not until the end of the interview did they inform her she was not under arrest and therefore not entitled to have one provided by the State. She was however never free to leave since she was handcuffed and in custodial custody.

AO 241 (Rev. 09/17)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☑ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:     N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     FLRC 3.850 Motion for Post Conviction Relief

Name and location of the court where the motion or petition was filed:     7th Judicial Circuit in and for Volusia County, Florida

Docket or case number (if you know):     2013-101064 CFDL

Date of the court's decision:     March 22, 2021

Result (attach a copy of the court's opinion or order, if available):     unavailable

(3) Did you receive a hearing on your motion or petition?     in part     ☑ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☑ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☑ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:     5th District Court of Appeal Daytona Beach, Fl.

Docket or case number (if you know):     5D21 - 0760

Date of the court's decision:     Sept. 6, 2022

Result (attach a copy of the court's opinion or order, if available):     Not available

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _N/A_

**GROUND TWO:** _Stoldt's State and Federal Rights were violated when Trial Court denied her Motion for Immunity from Prosecution when no factual_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_Stoldt steadfastly asserted that the victim, James Shaeffer, attacked her and threatened to kill her and her children. There were no witnesses to this event. She was seriously traumatized and fearful no one would believe her. In this traumatized mental state, she dismembered and disposed of the body. Her mental state continued to deteriorate until she was Baker Acted. Still, she asserted it was self defense and assisted police in locating evidence and readily confessed to the abuse of a dead body._

(b) If you did not exhaust your state remedies on Ground Two, explain why: _State Habeas Corpus not filed due to exceeded time frame._

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☑ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _N/A_

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _FLRC 3.850 Motion for Post Conviction Relief_

Name and location of the court where the motion or petition was filed: _7th Judicial Circuit Court in and for Volusia County, Florida_

Docket or case number (if you know): _2013-101064 CFDL_

Page 8a

Evidence refuted her claim of self-defense under Florida's Stand Your Ground Law.

AO 241 (Rev. 09/17)

Date of the court's decision: _March 22, 2021_

Result (attach a copy of the court's opinion or order, if available): _not available_

(3) Did you receive a hearing on your motion or petition?    _in part_    ☑ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _5th District Court of Appeal_
_Daytona Beach, Florida_

Docket or case number (if you know): _5D21-0760_

Date of the court's decision: _Sept. 6, 2022_

Result (attach a copy of the court's opinion or order, if available): _not available_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
_N/A_

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : _N/A_

**GROUND THREE:**    _When Trial Court failed to suppress coerced_
_Confession Stoldt's 4th, 5th and 14th US Constitutional rights were violated._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
_Stoldt repeatedly requested an attorney during a lengthy_
_interrogation while Baker Acted, delusional at times and_
_sleep deprived. This rendered the confession coerced_
_and therefore illegal. The Trial Court allowed this coerced_
_confession to stand solely because the State had no case without it._

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: *State Habeas Corpus time limits exceeded.*

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: *N/A*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *FLRC 3.850 Motion For Post Conviction Relief*

Name and location of the court where the motion or petition was filed: *7th Judicial Circuit Court in and for Volusia County, Florida*

Docket or case number (if you know): *2013-101064 CFDL*

Date of the court's decision: *March 22, 2021*

Result (attach a copy of the court's opinion or order, if available): *unavailable*

(3) Did you receive a hearing on your motion or petition?  *in part*  ☑ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *5th District Court of Appeal Daytona Beach, Florida*

Docket or case number (if you know): *5D21-0760*

Date of the court's decision: *Sept. 6, 2022*

Result (attach a copy of the court's opinion or order, if available): *unavailable*

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_N/A_

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:   _N/A_

**GROUND FOUR:** _Defense Counsel failed to act as advocate when he refused to move for Change of Venue due to extensive negative pretrail publicity_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_Due to aspects of this case, it received extensive negative pretrial publicity and negative media attention. The Petitioner repeatedly requested Counsel, James R. Valerino, to move for change of venue. Despite potential jurors readily admitting having heard or seen media coverage, counsel steadfastly refused to accede to Stoldt's wishes; even when one potential juror during voire dire questioned why this was not a death penalty case demonstrating that pretrial publicity did cause preconceived bias of jurors._

(b) If you did not exhaust your state remedies on Ground Four, explain why:   _Time limit expired for filing State Habeas Corpus._

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:   _Appellate Counsel did not address this issue and Stoldt was too heavily medicated by mental health at Lowell C.I. to be able to contribute to cause–_

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   _FL R.C. 3.850 Motion For Post Conviction Relief_

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _7th Judicial Circuit_

_Court in and for Volusia County, Florida_

Docket or case number (if you know): _2013 - 101064 CFDL_

Date of the court's decision: _March 22, 2021_

Result (attach a copy of the court's opinion or order, if available): _unavailable_

(3) Did you receive a hearing on your motion or petition?    _in part_    ☑ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _5th District Court of Appeal_

_Daytona Beach, Florida_

Docket or case number (if you know): _5D21-0760_

Date of the court's decision: _Sept. 6, 2022_

Result (attach a copy of the court's opinion or order, if available): _unavailable_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_N/A_

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _N/A_

Pg 12a

Ground Five:

Ineffective Assistance of Counsel for failure to object to repeated questions asked by State regarding unsanitary conditions of Petitioner's house which were prejudicial and inflammatory.

(a.) Supporting facts:

During examination of Police Officers, Dectectives, and Crime Scene Investigators, the State repeatedly asked about the conditions of Petitioner's house. It was repeatedly described in very negative terms which biased the jury and had nothing to do with the crime. Further Counsel did not elicit testimony from the Petitioner explaining that the house was in poor condition due to a serious recent injury which had incapacitated her for several weeks or that purchase for cleaning supplies made by Stoldt that were entered into State's evidence against her were made for the purpose of cleaning the house.

b) State remedies not exhausted due to expired time frame for State Habeas Corpus

c).1)Appeal from judgment of conviction?   yes
2. issue not raised by Appellate Counsel with Stoldt unable due to heavy Psychotropic meds to assist.

d.)Post Conviction Proceeding:
1. yes   2. FRCP 3.850 Motion For Post Conviction Relief    7th Judicial Circuit Court
in and for Volusia County, Florida  # 2013-101064CFDL

Pg 12b

Date of Court's decision:   March 22, 2021

copy unavailable

3. Did you receive hearing on motion     yes in part

4. Did you appeal denial              yes

5. Did you raise this issue on Appeal    yes

6.Name and location: 5th District Court of Appeal

      Daytona Beach Florida

Docket or case number: 5D21-0760

Date of Court's decision: Sept. 6th 2022

Copy unavailable

7) N/A

e) N/A


Ground Six:

 When Defense Counsel failed to object to or
 further question State's witness, April Leach,
 regarding changes in her statements between
 initial statement to police, deposition and trial
 testimony this allowed tainted testimony to
 be heard and considered by jury which
 violated Stoldt's 6th Amendment rights

a Supporting facts:   The testimony of April Leach,
 changed from initial police interview and
 deposition. Defense Counsel failed to address
 or object to these changes. Of particular note,
 Leach testified that Stoldt had drugged
 the victim and who was rendered unconscious
 when strangled. Ms. Leach, whose medical
 problems and condition, by her own admission

Pg 12c

cause her issues remembering things
accurately did no give this information
on the evening Stoldt confessed to
her. Her story changed after Deputy
Paugh, during an interview asked her
if Sheaffer had been drugged. Prior
to this Leach accurately related that
Stoldt told her she and Sheaffer had
shared one drink laced with flexeril
made by Sheaffer himself.
b) State Remedies not exhausted due to
   expired time limits
c.) Direct Appeal of Ground Six:
   1) Was this issue raised on Direct Appeal?    No
   2.) Explain why not: Appellate Counsel
       did not raise issue and Petitioner was
       unable to assist.
d.) Post Conviction Proceedings:
   1) Did you raise this issue in Post Conviction Motion?
       yes
   2. Type of Motion: FRCR 3.850 motion For Post Conviction
       Relief
   3. Name of Court: 7th Judicial Circuit Court
       In and For Volusia County, FL.
   4. Docket or Case number: 2013-101064 CFDL
       Result: denied March 22, 2021
       Copy unavailable
   3. Did you receive a hearing?   yes, in part

pg12d

4. Did you Appeal from the denial    yes
5. Did you raise this issue on Appeal   yes
6. Name and location of court: 5th District
      Court of Appeal, Daytona Beach Florida
      Docket or Case number: 5D21-0760
      Date of Court's decision: Sept. 6, 2022
      Result: Affirmed copy not available
   7   N/A
c)   N/A


Ground Seven:
      Stoldt's 6th Amendment rights were violated
   when Trial Court, State Attorney and
   Defense Counsel were made aware
   that a juror had been texting
   during testimony but did not
   investigate, question or dismiss juror.


a) Supporting facts:
      During a break in proceedings one of the
   jurors reported to the Bailiff that a fellow juror
   had been texting during testimony of a State's
   witness. The Bailiff reported this to Judge Rowe.
   When court reconvened, Judge Rowe called
   for a sidebar conference regarding this
   issue. Despite extensive pretrial publicity
   and all jurors acknowledging awareness of
   this case, none of those present, Judge Rowe,
   Counsel for Defense or State Prosecutor were

pg 12e

interested in the content of the text, whether
the juror was accessing outside information
or opinions. Their sole concern was for how
to inform the jurors about using their cell
phones during trial.

Defense Counsel, James Valerino, did not
share any of this information with Stoldt
and she only learned of it while preparing
her Motion For Post Conviction Relief. Despite
this being newly discovered evidence of
juror misconduct, it was ruled her motion
to Interview Jurors was untimely filed. At
this point, there is now no way for her
to learn if the information conveyed in
that text was seriously detrimental to
her cause.

Juror misconduct has been determined
to be a violation of 6th Amendment rights and
due to the Court's and both Counsel's callous
disregard for those rights during trial Stoldt's
right to a fair and impartial trial was compromised.
b) If remedies not exhausted explain: Time frames
   exceeded for further State remedy.
c) 1) Direct Appeal did not raise issue    (No)
   2) Appellate Counsel did not raise issue and
      Petitioner was unaware of issue at that time.

Pg 12F

d.) Post Conviction Proceedings
    1.) Was this issue raised        yes
    2.) FLRC 3.850
        7th Judicial Circuit Court in and for
        Volusia County, FL.
    3.) Evidentiary hearing on this ground only  yes
    4.) Did you Appeal Denial        yes
    5.) Did you raise this issue        yes
    6.) Name and location: 5th DCA, Daytona Beach,FL.
        CASE # 5D21-0760
        Date of Decision: Sept. 6, 2022
        No copy available
    7.) N/A
e.) N/A

Ground 8:
    Trial Court violated Stoldt's 6th Amendment
Rights by erroneously instructing the jury
on the 'Unlawful Activity' exception to Florida's
'Stand your ground' law. Stoldt at the time
of the incident was no engaged in any
unlawful activity and was therefore prejudiced
by this inclusion in jury instructions

a) Supporting Facts:
    Including the unlawful activity exclusion
in jury instructions planted the seed in
the jurors minds that there was some unlawful

Pg 12 g

activity occurring when the incident happened. While a Judge will advise the jury that they are to give no exceptional weight to statements made by themselves, a judge is generally considered to be a person of great knowledge and authority and therefore their statements are unconsciously given more weight. This would result in potentially unconscious bias against the defendant. Bias is unconstitutional.

b) time limits for State Habeas Corpus exhausted

c.) Direct Appeal:

  1. Was this issue raised        yes

  2. N/A

d.) Post Conviction Proceedings

  1. Was this issue raised        yes

  2. FL RC 3.850 Motion For Post Conviction Relief

    7th Judicial Circuit, Volusia County, Florida

    Date of Decision: March 22, 2022

    Resut: no copy available

  3. Did you receive hearing        yes in part

  4. Did you Appeal Denial        yes

  5. Was this issue raised        yes

  6. Name of Court    5th DCA, Daytona Beach, Fl.

    Case #: 5D21-0760

    Date of decision: Sept. 6, 2022

    No copy of result available

  7. N/A

Pg 12h

e.) Other Remedies:  N/A

Ground 9:

Given the totality of errors and
multiple violations of Stoldt's Constitution
Rights her ability to receive a fair and
impartial trial was negated.

a) Supporting Facts:

The Petitioner contends that throughout
the Investigation, interrogation, pretrial hearings
and trial itself her cause was prejudiced.

The Police knowingly disregarded
her delusional mental state and coerced
her into incriminating herself despite frequent
request for Counsel.

Despite steadfastly asserting that
she acted in self defense and with no
ability to refute her claims the Court denied
Immunity on the murder charge. The Court
also disregarded her mental condition
at time of Interrogations and her ability
to knowingly waive her 5th Amendment
Rights and denied her Motion to Suppress.

Defense Counsel refused to act as
her advocate when a State witness
changed her testimony.

When a juror committed acknowledged
misconduct by texting during trial, the Court,

pg 12i

the Prosecution and Defense Counsel all
chose to ignore this violation and refused
to determine if the content of the
text was detrimental to Stoldt's cause.
        These are not the sole errors
made and it is the totality of all
the errors that renders Stoldt's trial
prejudiced, unjust, manifestly unfair
and unconstitutional.


C. Direct Appeal
    1.) was issue raised                    NO
    2.) Why not          Appellate Counsel did not
            raise it and Petitioner could not assist
            due to mental state and medications
D. Post Conviction Proceeding:
    1. Was issue raised        yes (contained in other issues)
    2. ~~N/A~~ FRC 3.850 Motion For Post Conviction Relief
    3. Court.  7th Judicial Circuit Court, Volusia County, FT.
        Docket or Case #:  2013-101064 CFDL
        Date of Decision: March 22, 2021
            No copy Available
    3. Did you receive hearing        yes, in part
    4. Did you Appeal?                yes
    5. Issue Raised?                yes (contained in issues)
    6. Court      5th DCA, Daytona Beach, FL.
        Case # 5D21-0760
        Date of Decision: Sept. 6, 2022
            No copy of decision available
    7. N/A        e) N/A

AO 241 (Rev. 09/17)

13.   Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

           having jurisdiction?    ☐ Yes    ☑ No

           If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

           presenting them: _None of these grounds have gone above the_

           _District Court of Appeal due to being time barred._

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

           ground or grounds have not been presented, and state your reasons for not presenting them:

           _N/A_

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?    ☐ Yes    ☑ No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available.    _N/A_

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?    ☐ Yes    ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

    raised.    _N/A_

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:  James R. Valerino, Asst. Public Defender, Office
of Public Defender, 101 N. Alabama Ave., Third Floor, Deland, Fl. 32724

(b) At arraignment and plea:  Same

(c) At trial:  James R. Valerino, Asst. Public Defender, Office of Public
Defender, 101 N. Alabama Ave., Third Floor, Deland, FL. 32724

(d) At sentencing:  Same

(e) On appeal:  Noel A. Pelella, Appellate Division, 444 Seabreeze Blvd,
Suite 210, Daytona Beach, FL. 32118

(f) In any post-conviction proceeding:  Post conviction Motion filed pro se, Attorney
for Evidentiary Hearing: Sarah Moore, Esq. - unknown address

(g) On appeal from any ruling against you in a post-conviction proceeding:  Pro se


17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed:  N/A

(c) Give the length of the other sentence:  N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?          ☐ Yes    ☑ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Due to numerous aspects including judicial backlog,
covid pandemic, difficulty in obtaining transcripts, all
subsequent filings were timely filed, but delayed in
being heard. Final mandate for 3.850 Motion for Post
Conviction's Appeal on denial was issued Sept. 6, 2022

AO 241 (Rev. 09/17)

which would put filing of this Petition as timely.

| Filings | Date Filed | Calendar Days |
|---|---|---|
| Judgment/sentence issued | 12-5-14 | — |
| Notice of Appeal | 1-7-15 | 33 days |
| Initial Brief Filed | 5+18-15 | 131 days |
| Appeal Judgment Affirmed (no opinion) | 4-29-16 | 341 days |
| 3.850 Motion Post Conviction Re-refiled | 12-12-17 | 593 days |
| Denial of 3.850 Motion | 3-22-21 | 1195 days |
| Notice of Appeal Filed | 3-25-21 | 3 days |
| Initial Brief Filed | 5-3-21 | 39 days |
| 3rd Amended Brief Filed | 10-22-21 | 202 days |
| Denial of 3.850 Affirmed | 7-17-22 | 268 days |
| Motion for Rehearing en banc filed | 7-21-22 | 4 days |
| Mandate issued (no opinion) | 9-6-22 | 47 days |

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)  A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:  New suppression hearing, New Immunity from prosecution hearing (Insufficient Evidence) Vacate judgment and sentence and grant new trial.

or any other relief to which petitioner may be entitled.

_____N/A_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____2/20/23_____ (month, date, year).

Executed (signed) on __2/19/23__ (date).

PROVIDED TO:
Lowell Correctional Annex on:

FEB 20 2023

BY:_____for mailing

_____Angela Shtata_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____